RECEIVED
IN ALEXANDRIA, LA.
NOV - 6 2013
TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MAUDIE WILLIAMS | : | DOCKET NO. 3:12-1409 |
| VS. | : | JUDGE TRIMBLE |
| ROCKTENN, | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is "RockTenn's Motion for Summary Judgment" (R. #14), an oral motion to reopen discovery made by plaintiff, Maudie Williams, (R. #36) and a "Motion to Stay Ruling on Defendant's Summary Judgment, Extend Discovery on New Issues Raised in Amended Complaint and Extend Time to File a Sur Reply to Defendant's Supplemental Motion for Summary Judgment Addressing the Merits of the Amended Complaint" (R. 37).

### FACTUAL STATEMENT

Plaintiff, Maudie Williams, was hired by RockTenn[1] on November 26, 2006 as a laborer. Some time in 2010, Ms. Williams sustained a non-work related injury; she was "medically cleared to return to full work activity" on August 10, 2010.[2] When she returned to work, Ms. Williams was placed in the Labor Pool in the Paper Machine Department.

The essential duties and functions of this position are: (1) pushing, pulling, and maneuvering

---

[1] Plaintiff disputes this fact and instead contends that she was hired by Smirfit-Stone; the court finds this fact irrelevant. (RockTenn is the successor employer to Smurfit-Stone. RockTenn exhibit 11).

[2] RockTenn exhibit 5.

large paper rolls; (2) positioning these rolls correctly on the paper machine; (3) splicing the paper; and (4) properly controlling the belt line operation.[3] In this position, Ms. Williams has admitted that she could not safely accomplish the essential functions of her position in the Machine Room because of her height, weight, and strength limitations.[4] She also admitted that she is not disabled.[5] Ms. Williams testifies that she repeatedly asked for assistance with moving the paper rolls within the facility and was given a 100 pound pry-bar to push the paper rolls.[6]

The Collective Bargaining Agreement ("CBA") between RockTenn and the Union provides that failure to maintain established performance standards is just cause for discharge.[7] On or about January 10, 2011, Ms. Williams was terminated via letter which expressly stated that Ms. Williams was being terminated "due to an employee's inability to perform assigned duties."[8] Ms. Williams argues that she was terminated due to a perceived disability.

On December 14, 2011, through a union arbitration hearing, it was determined that Ms. Williams was improperly terminated because she was not put on notice that "failing to sign off on certification would or could result in discharge."[9] On December 16, 2011, Ms. Williams was

---

[3] RockTenn exhibit 6, affidavit of Mike Cunningham.

[4] RockTenn exhibit 1, Maudie Williams dep., pg. 128:3-7; RockTenn exhibit 4, Williams depo. p. 13:13-15, p.58:21-23.

[5] RockTenn exhibit 1, Williams depo. P. 149:13-18, p. 150:15-17; RockTenn exhibit 4, Williams depo. p. 25:12-24.

[6] RockTenn exhibit 2, p. 73:23-74:8.

[7] RockTenn exhibit 13, Rule 3(13), p. 33; plaintiff SOF #7..

[8] Plaintiff's statement of material fact ¶ 8.

[9] RockTenn exhibit 11.

reinstated to her former position as a Labor Pool employee in the Machine Room with full back pay and benefits. Ms. Williams disputes that she received her full back pay.[10] On January 18, 2012, Ms. Williams and Human Resource Director, Jeff Wargo, met to discuss plaintiff's inability to perform her assigned duties as well as safety concerns. Five days later, Ms. Williams injured herself while trying to push a paper roll onto a belt line. Due to her injury, Ms. Williams was placed on light duty and taken out of the Machine Room Labor Pool.[11]

## **PROCEDURAL HISTORY**

Plaintiff filed the instant suit for violations of the American with Disabilities Act ("ADA") on May 29, 2012. On June 24, 2013, defendant filed the instant motion for summary judgment. Pursuant to a motion, Judge Hayes granted plaintiff until July 25, 2013 to file her opposition. On July 24, 2013, plaintiff filed a motion for leave to file an amended petition which alleges new acts of retaliation by defendant. On July 26, 2013, that motion was granted. Consequently, defendant filed a motion for leave to file a supplemental memorandum to the motion for summary judgment and a motion for expedited consideration. On August 12, 2013, the court granted defendant's motion for leave to file the supplemental memorandum, but denied the motion for an expedited hearing and canceled the trial date of September 13, 2013.

On August 29, 2013, Magistrate Judge Hayes held a telephone status conference. During that conference, plaintiff's counsel made an oral motion to reopen discovery; defense counsel objected to additional discovery and requested permission to brief the issue. Also on August 29, 2013, plaintiff filed a motion to (1) stay the pending motion for summary judgment, (2) extend discovery

---

[10] Williams Statement of Material Facts, ¶ 10.

[11] RockTenn Exhibit 4, Williams Depo. p. 68-85.

3

on new issues raised in the amended complaint, and (3) extend the time to file a sur-reply to defendants' supplemental motion for summary judgment to address the merits of the amended complaint.[12] On October 16, 2013, defendant filed a motion for leave to file a supplemental memorandum in opposition to plaintiff's motion to reopen discovery and in support of defendant's motion for summary judgment.[13] That motion was granted and pursuant to Judge Hayes' order granting permission to brief the issue, the parties have now filed briefs regarding whether or not additional discovery is warranted and additional memoranda as to the motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[15] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[16] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

---

[12] R. #37.

[13] R. #44.

[14] Fed. R.Civ. P. 56(c).

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[16] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

moving party's claim."[17] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[18] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[19] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[20] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[21]

## LAW AND ANALYSIS

*Motion to reopen discovery, motion to stay, motion to dismiss retaliation claims*

Plaintiff moves to reopen discovery with respect to the new claims made in the amended complaint. Plaintiff remarks that the supplemental filing by defendant to dismiss the claims in the amended complaint warrant the discovery. Hence, plaintiff also requests a stay of the pending motion for summary judgment, as amended, in order to properly respond to the motion via a sur-reply.

The amended complaint asserts a new claim for retaliation. Plaintiff alleges that RockTenn had a recall in the Lab Department in May 2013. Pursuant to her recall rights under the Collective

---

[17] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[18] Anderson, 477 U.S. at 249.

[19] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[20] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[21] Anderson, 477 U.S. at 249-50.

Bargaining Agreement, plaintiff could be moved to this Lab position permanently. The position was first offered to a co-worker with more seniority; plaintiff was next in seniority for that particular position. After that employee rejected the position, plaintiff inquired as to why the position had not been offered to her and was informed by RockTenn that they were thinking of discontinuing that position. Plaintiff complains that she was not offered the position, but instead was told that it was being discontinued even though it was first offered to her co-worker. Plaintiff asserts that not only was she not offered the position, but that RockTenn has not discontinued the position.

RockTenn maintains that the lab position is a lateral position. In other words, the lab position has the same pay and the same benefits. RockTenn contends that because the position is a lateral move, plaintiff's claim for retaliation must fail. In response, plaintiff submits the affidavit of Union President Phil Thomas, who testifies that RockTenn's assertion that the position is a lateral move is erroneous. Mr. Thomas declares that the lab position offers at least a $10 per hour increase in pay, significant differences in physical job duties, and different promotional job opportunities.

RockTenn submits that Mr. Thomas' affidavit is misleading. The affidavit refers to a job position which is higher in the line of progression and is not the same position that would potentially be offered to plaintiff because plaintiff's job title and classification is "laborer" which pays $15.30 per hour – a completely different position which Thomas implies (a Lab Tech I). Thus, because it is a lateral move, there was and is no retaliation.[22]

RockTenn also remarks that before offering the position to plaintiff, it had scheduled plaintiff for an evaluation by a physical therapist to identify the essential functions of the position and determine what, if any physical requirements are needed to perform these duties. Due to her alleged

---

[22] Alvarado v. Texas Rangers, 492 F.3d 605, 612 (5th Cir. 2007).

6

work-related injury, Plaintiff was on medium duty work. RockTenn asserts that the evaluation would assist in determining if an individual on medically restricted medium duty would be able to complete the physical requirements for the lab position.

RockTenn hired a physical therapy director on May, 2013 to perform the evaluation. However, through no fault of RockTenn, the director could not complete the evaluation and submit a report until July 24, 2013, the same date plaintiff filed her amended complaint asserting retaliation. Hence, RockTenn submits that the retaliation claim is premature. Plaintiff complains that she has not received a copy of the report/evaluation/offer.

RockTenn informs the court that since the filing of the second amended complaint, RockTenn received notice from plaintiff's doctors that she has been cleared to return to "full duty" work. On October 3, 2013, RockTenn notified plaintiff that she would be transferred from her permanent position as a "laborer" in the Machine Room to a permanent position as a laborer in the Lab. Plaintiff started that position on October 7, 2013. Under the current Collective Bargaining Agreement (CBA) provisions, the compensation is $15.30 per hour– the same pay she was receiving in the Machine Room. Thus, RockTenn maintains that the motion to reopen discovery should be denied, the motion to stay should be denied and plaintiff's claims of retaliation should be dismissed. The court agrees and finds that denial of a lateral move will not support this particular claim for retaliation and said claim will be dismissed. The court further finds that there is no justification to reopen discovery and/or that there is no reason to stay the instant pending motion for summary judgment.

*Motion for summary judgment*

Plaintiff has asserted a claim pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff

asserts that she was retaliated against for filing several Union grievances, EEOC complaints and a federal lawsuit.[23] Under Title VII, to prove retaliation, an employee must prove that: (1) the employee engaged in a protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action.[24]

RockTenn does not dispute that plaintiff engaged in a protected activity. For harassment to rise to the level of adverse employment action, the plaintiff must prove that the conduct made the work environment "hostile" or "abusive", and is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.[25] The court will consider all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[26] Additionally, the court will take any psychological harm on the part of the victim into account equally with the other factors.[27]

Plaintiff complains about RockTenn's decision after Dr. Tubre released her, to place her in the Machine Room which was more physically demanding, instead of allowing her to return to her previous position in the Store Room, a light duty position. Plaintiff testified that she had performed

---

[23] Plaintiff filed three grievance reports with the Union, and five EEOC charges of discrimination between September 2009 and March 2011.

[24] Mattern v. Eastman Kodak, 104 F.3d 702, 705 (5th Cir. 1997), cert. denied, 522 U.S. 932 (1997).

[25] Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986).

[26] Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

[27] Id.

the essential functions of the Store Room position and there were no physical functions in that job that she was unable to perform.

Plaintiff further complains that when she was reinstated after a successful grievance was filed, RockTenn failed to fully compensate her which is a further act of retaliation. RockTenn disputes this and states that it has paid all back pay due to plaintiff. Plaintiff complains that RockTenn perceived her as disabled and in an attempt to terminate her, RockTenn set her up to fail by assigning her to the Machine Room which required more physical capacity than she was able to give considering her past medical history.[28] Thus, plaintiff submits there is a genuine issue of material fact as to whether or not RockTenn retaliated against her for engaging in a protected activity. Plaintiff complains of the following actions with respect to her retaliation claim and the hostile work environment:

* failure to accommodate plaintiff to lift heavy paper rolls

* placing plaintiff in the Machine Room when she returned from medical leave which required a more significant physical performance than the job she had prior to taking medical leave.

* delaying for two days to "do something" about the incident where a noose was found hanging over her work area.

* terminating plaintiff for being physically unable to perform the job tasks associated with the Machine Room.[29]

* interrogating plaintiff in the presence of co-workers about a deposition she participated in the previous day.

* after being released from workers' compensation and put on "light duty," defendant placed

---

[28] Plaintiff had suffered an abdominal and ankle injury.

[29] As previously stated, plaintiff was reinstated after the arbitrator found that she had not received adequate notice that she would be terminated if she failed to certify into a position at the paper mill.

9

her on paint detail ignoring her doctor's orders.

    \* while on light duty and after being transferred to the Machine Room, plaintiff was placed on elevated scrutiny by Superintendent Bonjean who told supervisors to single her out for extra close scrutiny.

    \* repeated write-ups for minor infractions, including; napping on the job for 3 minutes (plaintiff contends she was texting her son while on break); leaving to get water while on paint detail; being a minute late for a bathroom break. Plaintiff contends that while other employees left work 30 minutes early, she always clocked out promptly at 3:00.

    Plaintiff maintains that she was retaliated against for filing an EEOC charge and also for filing a lawsuit, both of which are federally protected activities. Plaintiff insists that even though she was released for "full duty activity", she was placed in the Machine Room which required more than she could physically perform. Thus, full duty activity did not include this type of position. Plaintiff argues that RockTenn put her in the Machine Room because it knew that should could not perform the job which would allow RockTenn to terminate her employment. Plaintiff also complains of retaliation based on the fact that a noose was found hanging over her work area; plaintiff admits that she does not know who put the noose there or if it was meant for her. Plaintiff argues that it took the company two days after she reported the incident to do something about it which is another act of classic harassment and retaliation.

    Plaintiff has testified to numerous circumstances, which taken as a whole, are sufficient to establish a pattern and/or practice of retaliation. As to causal link, the court finds that the actions complained of by plaintiff were sufficiently close in proximity to establish a causal connection between those actions and plaintiff's filing of the Union grievances, EEOC complaints and federal lawsuits. The court finds that plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not RockTenn retaliated against plaintiff

for engaging in a protected activity.

*Plaintiff's disability and the ADA*

Plaintiff has filed suit against her employer for disability discrimination under 42 U.S.C.A. § 12101, the Americans with Disabilities Act ("ADA"). Plaintiff contends that RockTenn refused to make reasonable accommodations when requested.

In order to make a *prima facie* case of discrimination under the ADA, a plaintiff must establish that she is a qualified individual with a disability and that the negative employment action occurred because of the disability.[30] First, the plaintiff must establish that she has a disability.[31] The term "disability" encompasses the following: (1) a mental or physical impairment that substantially limits one or more major life activities of an individual. (2) a record of such an impairment, or (3) being regarded as having such an impairment.[32]

Plaintiff asserts claims pursuant to the ADA because RockTenn allegedly failed to accommodate her inability to perform the job tasks assigned to her in the Machine Room. Under the ADA, reasonable accommodations may include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities" and "job restructuring . . . acquisition or modification of equipment or devices . . . and other similar accommodations for individuals with disabilities."[33] To succeed on a discrimination claim for failure to reasonably

---

[30] See 42 U.S.C. § 12112(a).

[31] Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 770 (1997).

[32] Sherrod v. American Airlines, Inc., 132 F.3d 1112 (5th Cir. 1998).

[33] 42 U.S.C.A. § 12111(9).

11

accommodate, plaintiff must prove that (1) she had a disability as defined under the ADA; (2) she requested reasonable accommodations; (3) the employer knew of the substantial physical limitation arising from the disability; and (4) the employer refused to engaged in the process to find and implement reasonable accommodations for the employee's disability.[34] If the plaintiff carries this burden, the defendant employer has the opportunity to present evidence that an accommodation would impose undue hardship.[35]

Plaintiff complains that she was to be given a roll pusher to assist her, and that some of her supervisors said she did not even use it. Plaintiff remarks that this is contradictory because how could she refuse to use it if it was not given to her. Thus, she never had a chance to use it. Plaintiff contends there is a genuine issue of fact as to whether or not RockTenn tried to accommodate her medical issues by providing a roll pusher.

Plaintiff concedes she is not disabled, however she contends that RockTenn perceived her as being disabled. RockTenn argues that it did not perceive her as being disabled, but terminated her because she could not safely perform the duties of her position, due to her physical strength and height limitations. In determining whether a plaintiff is substantially limited in the major life activity of "working," courts must determine if a plaintiff is restricted in his or her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having

---

[34] Cato v. First Fed. Cmty. Bank, 668 F.Supp.2d 933, 946 (E.D.Tex. 2009)(emphasizing that the plaintiff must show that she was a qualified individual with a disability and that she requested a reasonable accommodation, and the employer is required to engage in an "interactive process" to find the best ways to accommodate the disability).

[35] Seaman v. CSPH, Inc., 179 F.3d 297, 300-01 (5th Cir. 1999).

comparable training, skills and abilities.[36] The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of "working."[37] RockTenn maintains that plaintiff has failed to submit evidence that it perceived that she cannot perform a whole class of jobs arguing that plaintiff has performed other jobs that do not require the type of heavy lifting and pushing required in the Machine Room. Thus, because plaintiff has failed to submit evidence that RockTenn perceived her as being disabled, RockTenn urges the court to dismiss plaintiff's claims pursuant to the ADA. The court agrees. Plaintiff has failed to submit summary judgment evidence to support a claim of discrimination pursuant to the ADA because plaintiff has failed to establish that she was either disabled or that RockTenn perceived her as being disabled. Because plaintiff did not produce evidence to establish that a genuine issue of fact existed regarding her status as a qualified individual with a disability and RockTenn's alleged failure to accommodate her perceived disability, we will dismiss plaintiff's failure to accommodate claims under the ADA.

*Retaliation by termination under the ADA*

In her complaint, plaintiff contends that RockTenn unlawfully retaliated against her under the ADA. Plaintiff alleges that RockTenn deprived her of her "right to be free from being terminated based on her physical disability or the company's perception of her as disabled" in violation of the ADA. RockTenn maintains that plaintiff cannot establish a retaliation claim pursuant to the ADA.

Similar to establishing discrimination under Title VII, courts employ the McDonnell Douglas burden-shifting method where indirect evidence is the basis of an ADA retaliation claim. RockTenn maintains that plaintiff's grievance and charges of discrimination filed after her termination cannot

---

[36] Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 727 (5th Cir. 1995).

[37] Id.

constitute protected activity, nor can her prior complaint, as they were not made on the basis of a disability. Requesting reasonable accommodations is generally a protected activity against retaliation under the ADA; however, first a plaintiff must have a good faith belief that he or she was disabled or perceived as disabled.[38] RockTenn remarks that the only evidence plaintiff has submitted as to her disability is the termination letter RockTenn given to plaintiff which expressly stated that, "you are physically unable to perform the job duties in the current department you are assigned." The court finds that this letter is insufficient to establish that RockTenn regards plaintiff as having a disability; the letter only signifies that plaintiff could not physically perform the job assignments associated with the Machine Room. Hence, we conclude that because plaintiff has failed to establish that she was either disabled or that RockTenn perceived her as being disabled, plaintiff's claims of discrimination based on retaliation by termination pursuant to the ADA must be dismissed.

*Retaliation for engaging in protected activities under the ADA*

Pursuant to retaliation under the ADA, plaintiff claims she was retaliated against for filing grievances, internal complaints and charges of discrimination with the EEOC. Protected activity includes either opposition to a practice made unlawful or participation in an ADA investigation, proceeding or hearing by making a charge, testifying or otherwise assisting.[39] However, plaintiff's complaint regarding discrimination must be on the basis of perceived disability, and cannot be related to other types of discrimination, including race and gender.[40] Activities which occur after the

---

[38] Tabatchnik v. Cont'l Airlines, 262 Fed. Appx. 674, 676 &n.1 (5th Cir. 2008) (citing Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1264 (10th Cir. 2001)).

[39] See Merit v. Se. Pennsylvania Transit Auth., 315 F.Supp.2d 689, 74 (E.D. Pa. 2004).

[40] See Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1116 (5th Cir. 1998).

14

disciplinary action are not considered protected.[41] Thus, RockTenn contends that plaintiff's grievance and charge of discrimination filed after her termination cannot constitute protected activity, and her complaints made prior to her termination can not be considered because they were not made on the basis of a disability.

A plaintiff must have a good faith belief that he or she was disabled or perceived as disabled.[42] As previously discussed, plaintiff admitted that she was not disabled and she has failed to establish that RockTenn regarded her as being disabled. Thus, plaintiff's claims of retaliation for engaging in a protected activity under the ADA must fail also.

*Damages*

RockTenn maintains that the instant lawsuit is no longer a justiciable controversy and therefore it should be dismissed as moot. RockTenn argues that plaintiff cannot prove any damages because she received full back pay and benefits on or about December 16, 2011 after the Union arbitrator found that her rights to notice had been violated. Furthermore, plaintiff is currently employed by RockTenn at the Hodge Mill. Plaintiff testifies that she has suffered mental anguish, anxiety, mental therapy and depression.[43] Plaintiff asserts that she is entitled to damages to be calculated for having to abide by the treatment imposed on her and for having exercised her federally protected rights. Unfortunately, plaintiff provides no authority to support her entitlement to these type of damages, but does testify that she suffered mental anguish, anxiety, mental therapy and

---

[41] See McDonald v. Ford Motor Co., 208 F.Supp.2d 837, 846 (N.D. Ohio 2002)(defendant could not have retaliated for protected activity that did not occur until after the disciplinary action.)

[42] Tabatchnik, 262 F. App'x 674, 677.

[43] See Maudie Williams depo. #1 p. 211-212; Maudie Williams depo. #2, p. 23 and 102.

depression. Courts have allowed a jury to decide an award of compensatory damages which includes emotional distress when a defendant has been found to have unlawfully discriminated.[44]

If the evidence supports a finding of liability, then it must be determined if plaintiff may recover punitive damages upon proof that the defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual."[45] Therefore, we find it premature to dismiss the case as requested by defendant.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted in part and denied in part: the motion will granted to the extent that plaintiff's claims made pursuant to the ADA will be dismissed. Otherwise, the motion will be denied reserving plaintiff's claims for retaliation pursuant to Title VII.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of November, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[44] See Bennett v. Riceland Foods, Inc., 721 F.3d 546 (8th Cir. 2013) Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042 (1978)(An award of damages for emotional distress must be supported by competent evidence of "genuine injury."; Kim v. Nash Finch Co., 123 F.3d 1046 (8th Cir. 1997)(jury awards approved for mental anguish and loss of enjoyment of life caused by failure to promote).

[45] 42 U.S.C. § 1981 (b)(1).